IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv515
(3:05cr2)

| | |
|---|---|
| MAURO SOTO-CHAVEZ, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATED OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons stated below, Petitioner's Motion to Vacate will be dismissed.

I.  PROCEDURAL HISTORY

On January 25, 2005, a grand jury indicted Petitioner and others for conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count One) and using and carrying a firearm during and in relation to a drug trafficking crime, or possessing a firearm in furtherance of such a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Two). (Case No. 3:05cr2, Doc. No. 3). On July 27, 2005, a superceding indictment added the charge of possessing a firearm as an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (Count Four). (Case No. 3:05cr2, Doc. No. 39).

On the morning of trial, Petitioner entered a guilty plea to Counts One and Two, without a plea agreement.[1] (Case No. 3:05cr2, Doc. No. 64). During his Rule 11 hearing, the magistrate

---

[1] The government agreed to dismiss Count Four. (Case No. 3:05cr2, Doc. No. 64: Acceptance and Entry of Guilty plea at ¶ 22).

judge questioned Petitioner at length to ensure that his plea was intelligently and voluntarily tendered. The magistrate judge reviewed Counts One and Two with Petitioner and clearly informed him of the ten-year minimum term of imprisonment for Count One and the "five-year additional or consecutive minimum term of imprisonment" for Count Two. (Case No. 3:05cr2, Doc. No. 104: Rule 11 Hr'g Tr. at 5-6). Petitioner affirmed that he had spoken with his attorney about how the Sentencing Guidelines might apply to his case and that he understood that the Court would not be able to determine his sentence until after the presentence report was prepared. (Id. at 7-8). Petitioner acknowledged that he was not threatened or forced to plead guilty, that no one had promised him leniency, and that he was satisfied with the services of his attorney. (Id. at 12-13). The magistrate judge then found that Petitioner's guilty plea was knowingly and freely made and accepted his plea. (Id. at 14).

On August 1, 2006, this Court conducted a sentencing hearing at which Petitioner affirmed he was guilty of the crimes charged and stipulated that there was a factual basis for his plea. (Case No. 3:05cr2, Doc. No. 105: Sent. Hr'g Tr. at 5). The Court imposed the mandatory minimum sentence of 120 months on Count One followed by the mandatory minimum sixty months on Count Two. (Case No. 3:05cr2, Doc. No. 78: Judgment at 2). Petitioner's sentence was affirmed on direct appeal with findings that the Court complied with Rule 11 and lacked authority to impose a variance sentence. (Case No. 3:05cr2, Doc. No. 120: Opinion at 3).

Petitioner timely filed the instant motion claiming that his counsel was ineffective for failing to advise him that his sentences would run consecutively and for failing to negotiate a written plea agreement on his behalf. (Doc. No. 1: Motion at 5, 6). Petitioner also contends that the Court had the authority to impose a variance sentence and failed to find a factual basis at the Rule 11 hearing. (Id. at 8, 9).

II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief. If it plainly appears that Petitioner is not entitled to relief, the Court must dismiss the motion to vacate. Id. Here, the Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence and finds that it plainly appears that Petitioner is not entitled to relief on any claim.

III.    DISCUSSION

A.    Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. As movant, a petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)).

To prove Strickland prejudice, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Strickland, 466 U.S. at 694 and Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). If challenging the validity of his guilty

3

plea, a petitioner must show that but for his counsel's errors, a reasonable defendant in his position would have insisted on going to trial. Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Since some of Petitioner's claims challenge issues at sentencing, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

        1.        Consecutive Sentence

Petitioner claims that his counsel failed to advise him that his sentences would run consecutively. Even if counsel failed to inform him about the consecutive sentences, the properly conducted plea hearing erased any prejudice. United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). The magistrate judge specifically advised Petitioner that the offenses to which he was pleading guilty carried both a ten year minimum term of imprisonment and a five year "additional or consecutive" minimum term of imprisonment. (Case No. 3:05cr2, Doc. No. 104: Rule 11 Hr'g Tr. at 5-6). Then, Petitioner affirmed that he had spoken to his counsel about how the Sentencing Guidelines might apply to his case. (Id. at 7-8).

Such statements under oath are binding absent "clear and convincing evidence to the contrary." Fields v. Attorney General of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992). Additionally, the Fourth Circuit specifically held that the "thorough Rule 11 colloquy" assured that Petitioner's plea was made both knowingly and voluntarily." (Case No. 3:05cr2, Doc. No. 120: Opinion at 3). Thus, it plainly appears that Petitioner suffered no prejudice from the alleged failure of counsel to inform him about the mandatory consecutive sentences for Counts One and Two.

4

2. No Plea Agreement

Next, Petitioner claims that his counsel was ineffective for failing to negotiate a written plea agreement on his behalf. A defendant has no constitutional right to a plea agreement, Weatherford v. Bursey, 429 U.S. 545, 561 (1977), and counsel has no duty to initiate negotiations for a plea bargain, Beans v. Black, 757 F.2d 933, 936 (8th Cir. 1985). Accordingly, Petitioner has not established that counsel's performance fell below an objective standard of reasonableness. Moreover, Petitioner presents no reason to believe that the Government would have offered a plea agreement on the day of trial.[2] Thus, he has not alleged any facts to show that the sentencing would have been more lenient but for counsel's performance, and it plainly appears that Petitioner is not entitled to relief on this claim.

B. No Variance Sentence

Petitioner contends this Court had the authority to impose the variance sentence requested by his counsel. The Fourth Circuit specifically rejected this claim on direct appeal. (Case No. 3:05cr2, Doc. No. 120: Opinion at 3). Because the mandate rule precludes a lower court from reconsidering issues expressly or impliedly decided by a higher court, United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993), Petitioner cannot recast this issue under § 2255, Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Thus, it plainly appears that Petitioner is not entitled to relief on this claim.

C. Factual Basis

Finally, Petitioner claims that a factual basis was not found at his Rule 11 hearing. Federal Rule of Criminal Procedure 11(b)(3) requires a court to determine that there is a factual

---

[2] Petitioner did receive a concession from the Government in exchange for his plea: Count Four was dismissed. (Case No. 3:05cr2, Doc. No. 64: Acceptance and Entry of Guilty plea at ¶ 22).

basis for a plea before entering judgment. Because judgment is not entered until after sentencing, the Fourth Circuit has recognized that a court may defer finding a factual basis until that time. United States v. Martinez, 277 F.3d 517, 522 n.4 (4th Cir. 2002). Here, the record clearly shows that the Court found a factual basis, based in part on Petitioner's stipulation, at the sentencing hearing, prior to entering judgment. (Case No. 3:05cr2, Doc. No. 105: Sent. Hr'g Tr. at 5). Thus, it plainly appears that Petitioner is not entitled to relief on this claim.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: January 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge